IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **FRANCISCO BARAHONA** | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Case No. RWT-15-3658 |
| v. | * | Criminal Case No. RWT-12-0014 |
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION

Petitioner Francisco Barahona was convicted of multiple drug-related offenses arising from the prosecution of members of a conspiracy to distribute and possess with intent to distribute large quantities of cocaine and heroin. Petitioner was represented at all times by Ms. Elita Amato, Esq. Now pending before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 593.

## BACKGROUND

On January 9, 2012, Petitioner, along with seven co-defendants, was charged in a single-count Indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 841. ECF No. 1. On January 30, 2012, the grand jury returned a Superseding Indictment adding three additional defendants. ECF No. 68. On February 4, 2013, the grand jury returned a sixteen-count Second Superseding Indictment, charging Petitioner with conspiracy to distribute and possession with intent to distribute five or more kilograms of cocaine and one or more kilograms of heroin in violation of 21 U.S.C. § 846; maintaining drug-involved premises in violation of 21 U.S.C. § 856; violating

the Travel Act, 18 U.S.C. § 1952; use of a communications device to facilitate narcotics trafficking in violation of 21 U.S.C. § 843(b); and possession with intent to distribute one or more kilograms of cocaine and 500 or more grams of heroin in violation of 21 U.S.C. § 841. ECF No. 308.

During Petitioner's trial and as relevant to the present motion, three incidents involving two jurors occurred.  First, on March 29, 2013, a juror reported to the courtroom deputy that Petitioner had followed the juror down the courthouse escalator and had taken pictures of the juror with his cell phone.  ECF No. 593 at 14-15.  Petitioner's counsel assured the Court that Petitioner had not taken any photographs of any jurors.  *Id.* at 15.  The Court did not voir dire the juror regarding the incident but banned everyone except attorneys from bringing cellular phones into the courtroom during the trial.  ECF No. 632 at 4.

The second incident occurred on April 5, 2013, when Juror Number 1 reported to the courtroom deputy that she believed Petitioner had been following her home.  ECF No. 593 at 16.  Ms. Amato and counsel for Petitioner's co-defendants expressed concern that this juror would be unable to be impartial going forward.  The Court questioned Juror Number 1 and assured her that Petitioner was not following her home, and the juror affirmed that the incident would not affect her ability to be impartial.  ECF No. 593 at 17-18.  The Court also directed that all defendants who were not in custody were required to wait in the courtroom for fifteen minutes following the close of each trial day, to ensure that there was no interaction with jurors.

The third incident occurred when Ms. West, counsel for one of Petitioner's co-defendants, informed the Court that she had seen Juror Number 1 "sitting in the back seat of her car with the door open and on the phone and kind of looking like she was freaked out." *Id.* at 20.

2

Ms. Amato did not move to excuse these jurors immediately after these three events. However, on April 17, 2013, prior to the commencement of deliberations, she moved to excuse the two jurors on the ground that they had "shown some bias and concern." She explained that she had waited until that point to move to dismiss the jurors to ensure that there were enough alternates at the end of trial. Tr. 1843:2-5, ECF No. 554 at 166. This request was joined by Petitioner's co-defendants' counsel and denied by the Court. Tr. 1842:10-1844:11, ECF No. 554 at 165-66.

On April 19, 2013, Petitioner was found guilty on all counts. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit claiming, *inter alia*, error regarding the denial of defendant's motion to remove the two jurors for bias. On April 24, 2015, the Fourth Circuit affirmed all aspects of his conviction and sentence. *See United States v. Barahona*, 606 Fed. Appx. 51 (4th Cir. 2015).

On November 30, 2015, Petitioner filed the pending Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment. ECF No. 593. For the reasons discussed below, this motion will be denied.

## DISCUSSION

### I. Standard of Review

Petitions filed *pro se* are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Under 28 U.S.C. § 2255, a prisoner in custody may move the court to vacate, set aside, or correct a sentence if he can prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.*

## II. Legal Standard for Ineffective Assistance of Counsel Claims

The Supreme Court has held that the Sixth Amendment gives criminal defendants the right to "reasonably effective" legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to succeed on a claim for ineffective assistance of counsel in violation of this right, a defendant must show both that the counsel's representation "fell below an objective standard of reasonableness" and that the defendant was prejudiced by counsel's errors. *Id.* at 688, 693.

In determining whether counsel's representation fell below an objective standard of reasonableness, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Courts must "judge the reasonableness of the challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

To determine whether counsel's ineffective assistance resulted in prejudice, the court must ask whether there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It is "not enough for defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

### III. Petitioner's Trial Counsel Provided Constitutionally Effective Assistance in Responding to Potential Juror Bias.

Petitioner argues that Ms. Amato provided ineffective assistance of counsel by failing to properly respond to the three juror incidents described above. ECF No. 593 at 4. Petitioner alleges three ways in which Ms. Amato's performance was constitutionally ineffective: 1) her failure to request the Court to conduct further inquiry of the juror who believed the Petitioner had photographed the juror; 2) her failure to conduct further inquiry into and move to excuse Juror Number 1 who believed Petitioner had followed her home; and 3) her failure to conduct further inquiry into and move to excuse Juror Number 1 who appeared "freaked out" after trial one day. ECF No. 593 at 4.

Regarding the first incident, counsel for the Government asked the Court to conduct further inquiry into the matter. However, the Court had stated that it did not "want to make a deal out of it with the juror" because the juror could have been mistaken. Tr. 519:14-23, ECF No. 548 at 76. Ms. Amato's decision not to pursue the matter further at that time thus fell "within the wide range of reasonable professional assistance" because it likely reflected a tactical decision to avoid overinflating the significance of the event in the mind of the affected juror. *See Strickland*, 466 U.S. at 689. Given the Court's stated reluctance to raise the issue with the juror for that reason, it was not unreasonable for Ms. Amato to decline to insist that the issue be escalated further. Additionally, Petitioner offers no support for his allegation that the incident was due to racial bias or that the juror was negatively affected by the event such that the juror was unable to function as a neutral trier of fact.

After the second incident, in which Juror Number 1 expressed concern that Petitioner had followed her home, Ms. Amato raised with the Court her concern that the jurors were becoming paranoid and would not be able to be neutral. Tr.1179:1-4, ECF No. 552 at 142. Counsel for his

5

co-defendants, Ms. West and Mr. Martin, requested that Juror Number 1 be questioned to determine what she saw and if she had discussed the incident with other jurors. Tr. 1179:12-1180:7, ECF No. 552 at 142.  The Court spoke with Juror Number 1, who assured the Court that she had not shared her concern with other jurors.  The Court informed her that it was probably a coincidence but that precautions were being made to ensure that it would not happen again.  Tr. 1182:13-1183:21, ECF No. 552 at 145-46.  Ms. Amato acted reasonably by raising the issue with the Court and was not required to move to dismiss the juror once she affirmed that she was still impartial.  Again, Petitioner provided only speculation that this incident was a result of racial or other bias against Petitioner or that it influenced the juror's impartiality.

The third incident, involving the juror who appeared "freaked out" was not investigated because the Court was not convinced that the issue was related to trial matters.  Indeed, there was no indication that this incident had anything to do with Petitioner at all.  Tr. 11:21-12:14, ECF No. 543 at 11-12.  Ms. Amato was not required to move to dismiss a juror who "looked freaked out" for reasons unrelated to Petitioner or his trial.

In all instances, the issues were addressed by either Ms. Amato, counsel for a co-defendant or the Government. Ms. Amato's actions fell well within the "wide range of reasonable professional assistance" especially given the "strong presumption" to which her actions relating to trial strategy and tactics are entitled.  *See United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).  As explained by the Court during trial, none of the incidents reflected juror bias or an inability on the part of the affected jurors to be impartial.  Nonetheless, Ms. Amato still moved to dismiss the jurors prior to deliberations to ensure absolute impartiality.  Therefore, Petitioner has not established that

6

"counsel made errors so serious that [she] was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *See Strickland*, 466 U.S. at 687.

Even assuming, *arguendo*, that Petitioner had adequately alleged that Ms. Amato's behavior was outside the bounds of reasonable professional assistance, Petitioner has failed to allege that he was prejudiced by her performance, as required under the second prong of the *Strickland* test. Petitioner has not put forward any facts demonstrating that the instances resulted in any bias towards him in the minds of the jurors. Indeed, Juror Number 1, during voir dire after the second incident, denied having spoken to any other jurors about the incident and explicitly affirmed her ability to proceed as a fair and impartial trier of fact. Tr. 1182-1183, ECF No. 552 at 145-46. Last, Petitioner himself admits that there is no evidence that the jurors were biased against him, belying any argument that he was prejudiced by his trial counsel's alleged ineffective assistance in her failure to promptly request the removal of the affected jurors. *See* ECF No. 593 at 23 ("I (Francisco Barahona) am not claiming that evidence of actual bias or prejudice was produced in my trial. What I am claiming is that my trial counsel, Ms. Amato, had adequate reasons to believe that actual bias or prejudice <u>could</u> be present in some jury members, and she. . .had an obligation to appropriately handle or address such possibility.").[1] This speculation falls far short of showing prejudice resulting from any alleged ineffective assistance of counsel. Thus, Petitioner's ineffective assistance of counsel claim based on the three juror incidents fails under both prongs of the *Strickland* test and must be dismissed.

---

[1] Notably, the Fourth Circuit rejected Barahona's claim that he was entitled to a "presumption of prejudice" under *Remmer v. United States*, 347 U.S. 227 (1954), or an "implication of bias" under *Person v. Miller*, 854 F.2d 656 (4th Cir. 1988), as a result of these juror incidents. The Court of Appeals concluded that the alleged incidents were not "the kind of 'extreme situations' warranting relief" but were rather "likely misunderstandings addressed through practical measures." *Barahona*, 606 Fed. App'x at 69.

### IV. Petitioner's Trial Counsel Reasonably Declined to Move to Sever Petitioner's Trial, Object to Co-Defendant's Opening Statement, and Move for a Mistrial.

Petitioner also argues that his trial attorney, Ms. Amato, provided ineffective assistance of counsel by failing to file a motion to sever Petitioner's trial from his coconspirators' and by failing to object to the opening statement given by co-defendant Omar Steele's attorney or to request a mistrial after her opening statement. *See* ECF No. 593 at 35-36. Petitioner argues that he felt being tried with his co-defendants hurt his chances but that Ms. Amato did not believe it would be possible to sever his trial. *Id.* at 32. Regarding the opening statement, Petitioner claims that constitutionally effective counsel would have objected to the characterization of the drug trafficking organization as being from Mexico and to the attorney's request that the jury consider the motives of the government's witness, a Mexican drug dealer living in a cartel controlled part of Mexico, as Petitioner is often thought to be Mexican. *Id.* at 36-37.

Petitioner fails to establish a claim for ineffective assistance of counsel. Regarding the first prong of *Strickland*, Petitioner fails to show that Ms. Amato's actions were outside the range of reasonable conduct. Ms. Amato advised Petitioner that severing the trial was not possible as the situation did not meet any of the requirements for severing defendants under Federal Rule of Criminal Procedure 14(a). Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). There is no indication that a "specific trial right" of Petitioner's was compromised or that the jury was unable to make a reliable judgment about his guilt or innocence, and thus Ms. Amato acted reasonably in not moving to sever his trial from that of his co-defendants. *Cf. Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("Counsel is not required to engage in the filing of futile motions") (quoting *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005)).

With regard to Ms. Amato's failure to object to or move for a mistrial after his co-defendant's counsel's opening statement, this too was reasonable conduct. Decisions about which objections should be raised may be made without the defendant's consent and are a matter of trial strategy and tactics. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). Actions of trial counsel attributable to trial strategy, such as the decision not to object or move for a mistrial here, should rarely be second-guessed. *See Briley v. Bass*, 750 F.2d 1238, 1247 (4th Cir. 1984) ("The actions of counsel, examined under *Strickland*, are largely attributable to trial strategy, and it is inappropriate for us to second-guess the outcome of such decisions."). Here, it was certainly reasonable for Ms. Amato to decide not to object to counsel's opening statement based on Petitioner's belief that it contained an "unstated theme of a 'Mexican' drug conspiracy and a 'Mexican' danger," especially given that the record does not support Petitioner's theory that the opening statement was specifically designed to "create a division along racial/ethnic lines amongst the defendants by appealing to the very worst instincts of the jury members." ECF No. 593 at 37. As the Government points out, any objection or motion for a mistrial by Ms. Amato on that basis could have served to create a connection between Petitioner and a Mexican drug cartel in the minds of the jury, where one might not have previously existed. Her tactical decision to remain silent was therefore objectively reasonable.

Even had Ms. Amato's behavior as counsel been outside the bounds of reasonable conduct, Petitioner fails to show any prejudice. It is "not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Rather, a defendant must show a "reasonable probability"—a probability "sufficient to undermine confidence in the outcome"—that but for counsel's unreasonable performance, "the result of the proceeding would have been different." *Id.* at 694. Petitioner

9

offers only the conclusory assertion that "the racially/ethnically biased or prejudiced theme undoubtably [sic] influenced jury deliberations against" him.  ECF No. 593 at 37.  This speculation falls far short of showing that, had Ms. Amato objected to the opening statements or moved for a mistrial, there is a reasonable probability that the outcome of his trial would have been different.  Therefore, Petitioner's claim fails under the second prong of *Strickland*.

## V. Conclusion

For the foregoing reasons, Petitioner has failed to establish a claim of ineffective assistance of counsel.  Because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," *see* 28 U.S.C. § 2255, he is not entitled to an evidentiary hearing and his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 593] will be denied.  A separate Order follows.


Date:  July 26, 2017                                    /s/
                                            ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE